UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CHARLES LIVELY,**

      **Plaintiff,**

v.                                                            Case No. 2:13-cv-28759

**DAVID BALLARD, et al.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendants' Motion to Dismiss Counts XII, XIII and XIX of Plaintiff's Amended Complaint (ECF No. 23).[1]

## PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

This case is proceeding on the plaintiff's Amended Complaint (ECF No. 32), which was filed on October 7, 2014. The plaintiff has named the following defendants: David Ballard, Warden at the Mount Olive Correctional Complex ("MOCC"); Jim Rubenstein, the Commissioner of the West Virginia Division of Corrections; James McCloud, Captain; Richard Coleman, Corporal; Russell Matheny, Captain; Jarod Dawson, Corporal; Chad Richmond, Correctional Officer II; Phillip Leasure, Correctional Officer II; and Justin Cottrell, Correctional Officer II, each being sued in

---

[1] The defendants have also filed a Motion for Summary Judgment, which will be separately addressed at a later time.

both their individual and official capacities. The plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

The plaintiff's Amended Complaint alleges that, on December 13, 2011, while he was incarcerate in Pod 6, Cell 614 of the Quilliams I segregation unit at the Mount Olive Correctional Complex ("MOCC"), he was maliciously attacked by defendants Coleman, Matheny, Dawson, Leasure, and Cottrell, who were members of a Corrections Emergency Response Team ("C.E.R.T."), with defendant McCloud serving as the unit commander of the segregation unit and a supervisor of the other defendants. (ECF No. 32, ¶¶ 4, 7, 8). The plaintiff first alleges that defendants Coleman and Matheny deployed chemical agents into the plaintiff's cell without giving him the opportunity to "cuff up" or come out of his cell peacefully. (*Id.*, ¶ 9). Subsequently, the defendant officers allegedly also threw a "stun grenade" into the plaintiff's cell, rushed into his cell, knocked him to the floor and beat, kicked, punched, stomped and threatened him, and then defendant Matheny allegedly tasered him as he lay on the floor of his cell. (*Id.*, ¶¶ 9-11). The Amended Complaint further alleges that Warden Ballard and Commissioner Rubenstein, as policymakers, permitted and promoted this behavior through policies, custom and practices. (*Id.*, ¶ 20).

The plaintiff's Amended Complaint contains twenty (20) counts, which include both federal and state law causes of action. Via the present Motion to Dismiss (ECF No. 23), the defendants seek the dismissal of Counts XII (Violations of First, Fourth and Fourteenth Amendments), XIII (Action for Neglect to Prevent) and XIX (Pendent Claim of Prima Facie Tort). The undersigned will address the viability of each of these three counts in turn.

## **STANDARD OF REVIEW**

The defendants' motion asserts that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted with respect to the enumerated counts. In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

The defendants' motion will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly/Iqbal* standard.

## ANALYSIS

**A. Count XII – Alleged violations of the plaintiff's First, Fourth and Fourteenth Amendment rights.**

In Count XII (Count 12) of the plaintiff's Amended Complaint, the plaintiff alleges that the conduct of the defendants violated his rights under the First, Fourth and Fourteenth Amendments. Specifically, that count of the Amended Complaint alleges that the defendants "acted so as to deprive Charles Lively of his right to seek redress in the courts and access thereof" and that the defendants "engaged in a cover-up in order to conceal the wrongful and unlawful conduct taken against Charles Lively." (ECF No. 32, ¶¶ 50, 51).

The defendants' Memorandum of Law in support of their Motion to Dismiss first asserts that the plaintiff has not alleged any basis for a First Amendment claim. Their Memorandum states:

> In order to prevail on a First Amendment claim, "The threshold question in any First Amendment challenge, of course, is whether any protected First Amendment right is involved. If the answer is no, then 'we need go no further.'" *Willis v. Town of Marshall, N.C.*, 426 F.3d 251, 257 (4th Cir. 2005), *citing Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985). As there are no allegations in the Complaint that the defendants took actions which implicated the free speech rights of the Plaintiff, dismissal of this allegation is warranted.

(ECF No. 24 at 4).

The defendants' Memorandum of Law further contends that, because the plaintiff is a sentenced prisoner, his excessive force claims are appropriately addressed under the Eighth Amendment of the United States Constitution, and not under the Fourth or Fourteenth Amendments. Their Memorandum emphasizes that the Fourth Amendment governs the use of force during an arrest, *see Russell v.* Wright, 916 F. Supp. 2d 629, 636 (W.D. Va. 2013), and the Fourteenth Amendment is applicable in the context of a pre-trial detainee, s*ee Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008). Thus, the defendants contend that the plaintiff's claims under the Fourth and Fourteenth Amendments should also be dismissed for failure to state a claim upon which relief can be granted.

On October 2, 2014, the plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss Counts XII, XIII and XIX of Plaintiff's Amended Complaint (hereinafter "the plaintiff's Response"). (ECF No. 26). The plaintiff's Response does not appear to dispute, or even address, the defendants' argument concerning the sufficiency of his First Amendment claim. (*Id.*) Likewise, although the plaintiff's Response attempts to apply case law addressing the Eighth Amendment standards concerning excessive force to his case, the Response fails in its entirety to dispute, or even address, the defendants' arguments that the Fourth and Fourteenth Amendments are inapplicable to his case. (*Id.*)

The plaintiff's Amended Complaint does not contain any specific allegations that he engaged in conduct that was protected by the First Amendment. He makes a conclusory allegation that "the defendants acted so as to deprive Charles Lively of his right to seek redress in the courts and access thereof;" however, he provides no specific facts to support this threadbare allegation. Pursuant to *Twombly* and *Iqbal*, the court is

5

not bound to accept this unsupported legal conclusion. Thus, the undersigned proposes that the presiding District Judge **FIND** that the Amended Complaint fails to state a plausible First Amendment claim.

Furthermore, because the plaintiff is a sentenced state prisoner, the defendants correctly assert that the plaintiff's excessive force claims are appropriately addressed under the Eighth Amendment, and not the Fourth or Fourteenth Amendments. Thus, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under either the Fourth or Fourteenth Amendments. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that Count XII (Count 12) of the plaintiff's Amended Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in accordance with the dictates of *Twombly* and *Iqbal, supra*.

### B. Count XIII – 42 U.S.C. § 1986 Action for Neglect to Prevent.

In Count XIII (Count 13) of the plaintiff's Amended Complaint, the plaintiff alleges as follows:

> 53. On information and belief, the individual defendants had knowledge that a cover-up and 42 U.S.C. § 1985(3) conspiracy to cover-up the brutality perpetrated against Charles Lively were in progress, had the power to prevent or aid in preventing the cover-up and conspiracy from continuing, and neglected or refused to do so.
>
> 54. With reasonable diligence, these defendants could and should have properly reported the brutality to superiors. Their failure contributed to Charles Lively's deprivation of constitutional rights, including his First Amendment right to have access and seek redress in the courts.

(ECF No. 32, ¶¶ 53, 54).

The defendants' Memorandum of Law in support of their Motion to Dismiss cites to 42 U.S.C. § 1986, which provides as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect o refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representative of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin if the deceased. **But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.**

42 U.S.C. § 1986. (ECF No. 24 at 5-6) (Emphasis supplied in defendants' memorandum).

The defendants assert that the plaintiff's claim under section 1986 is time-barred, because the Complaint was filed almost two years after the date of the incident giving rise to the plaintiff's claims. Their Memorandum states:

> The present civil action was not filed until on or around November 13, 2013. As one court has ruled, "it is clear from the language of the statute that it does not provide for tolling of the statute of limitations." *Bieros v. Nicola*, 839 F. Supp. 332, 337 (E.D. Pa. 1993). More than one year has passed since the alleged incident. Hence, Count XIII must be dismissed to [t]he extent the Plaintiff is allegation [sic; alleging] a violation of 42 U.S.C. § 1986 as this claim is barred by the statute of limitations.
>
> The Defendants note that the Plaintiff also refers to § 1985(3), ¶53. To the extent that the Plaintiff seeks to bring the cause of action in Count XIII [under section 1985(3)?], then clarification by the Plaintiff is required and/or would be helpful.

(*Id.* at 6).

The plaintiff's Response contends that he was not aware that the alleged "cover-up and conspiracy" even existed when the actual force was used, and he appears to argue that the statute of limitations should run from the date that he filed his initial grievance concerning this incident and received a response that gave him the impression that there was a cover-up going on. Otherwise, the plaintiff requests permission to amend and clarify his claim in Count XIII to address the conspiracy and cover-up. (ECF No. 26 at 7).

The defendants' Reply disputes the plaintiff's contention that the one-year statute of limitations should be tolled on the basis that the plaintiff was not aware of the alleged cover-up until sometime after the incident occurred. Their Reply further states:

> The Defendants respectfully disagree with the Plaintiff's assertion. At least one Court has ruled: "It is clear from the language of the statute that it does not provide for tolling of the statute of limitations." *See Aiken v. Bucks Ass'n for Retarded Citizens*, Civ. A. No. 91-2672, 1991 WL 243537 at 4 (E.D. Pa. Nov. 15, 1991); *Bieros v. Nicola,* 839 F. Supp. 332, 337 (E.D. Pa. 1993). The alleged use of force occurred on or about December 13, 2011. The Complaint was not filed until on or around December 3, 2013 [sic; November 13, 2013]. To the extent the Plaintiff is asserting a claim pursuant to 42 U.S.C. § 1986, such a claim is time barred. To the extent the Plaintiff is asserting a claim pursuant to 42 U.S.C. § 1985 in **Count XIII**, the Defendants raise and preserve all objections thereto. [FN 1- 42 U.S.C. § 1985 is also referenced in Count XIII.]

(ECF No. 33 at 2).

If the one-year statute of limitations on the plaintiff's claim under 42 U.S.C. § 1986 is run from the date of the use of force against the plaintiff, such a claim is clearly untimely. Even if the court were to run the statute of limitations from a later date, however, because section 1986 claims are predicated on claims arising under 42 U.S.C. § 1985, the plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted.

8

The plaintiff alleges that the defendants acted in concert to cover-up or conceal their wrongful conduct. However, in order to successfully state a claim under 42 U.S.C. § 1985(3), the plaintiff must demonstrate that the defendants had some racial or "otherwise class-based, invidiously discriminatory animus" underlying their actions. *See Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). The plaintiff (who is believed to be Caucasian) has not alleged that his section 1985 or 1986 claims are based on racial discrimination. Nor has the plaintiff identified any other class-based, invidiously discriminatory animus upon which he alleges the defendants were acting. Therefore, because the plaintiff has not properly satisfied the elements of a section 1985(3) claim, he cannot successfully state a claim under section 1986 either.[2] The undersigned further believes that any amendment of the Complaint with regard to such claims would be futile.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §§ 1985 or 1986 and, thus, Count XIII (Count 13) therein must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the dictates of *Twombly* and *Iqbal, supra.*

### C. Count XIX – Prima facie tort.

In Count XIX (Count 19) of the plaintiff's Amended Complaint, the plaintiff asserts that "defendants Coleman, Matheney, McCloud, Dawson, Richmond, Leasure, and Cottrell inflicted bodily harm upon Charles Lively without excuse or justification out

---

[2] Nothing in this analysis affects the plaintiff's conspiracy claim brought under 42 U.S.C. § 1983, pled in Count I of the plaintiff's Amended Complaint, which will be fully addressed at a later time.

9

of disinterested malevolence." (ECF No. 32, ¶ 93). The plaintiff entitles this claim as "Pendant Claim of Prima Facie Tort."

The defendants' Memorandum of Law asserts that no cause of action exists for a "prima facie tort" and that these allegations are duplicative of the plaintiff's allegations concerning the negligent and intentional infliction of emotional distress, as pled in Count XVIII (Count 18). The plaintiff's Response does not address this claim.

The plaintiff has not cited any authority to demonstrate that there is an independent cause of action under West Virginia law for a "prima facie tort," and the undersigned has not located any such authority.[3] It appears that in some other jurisdictions, courts have recognized an independent cause of action known as a "prima facie tort" addressing the intentional infliction of injury without justification. *See, e.g., Belsky v. Lowenthal*, 62 A.D.2d 319, 405 N.Y.S.2d 62 (N.Y.A.D. 1978); *Nazeri v. Missouri Valley College*, 860 S.W.2d 303 (Mo. 1993). To the extent that the plaintiff is alleging that the defendants acted to intentionally inflict injury without justification, such allegations are duplicative of those in his state law claims for assault and battery and intentional infliction of emotional distress.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted with respect to Count XIX (Count 19) therein, and that the same should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, in accordance with the dictates of *Twombly* and *Iqbal, supra*.

---

[3] In the area of tort law, a plaintiff who can successfully establish the elements of aparticular tort can be said to have made a "prima facie" case concerning the tort; however, there does not appear to be any authority to support that West Virginia has recognized an independent cause of action for "prima facie tort" as further discussed herein.

10

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion to Dismiss Counts XII, XIII and XIX of Plaintiff's Amended Complaint (ECF No. 23), but leave this matter referred to the undersigned United States Magistrate Judge for additional proposed findings and recommendations concerning the plaintiff's remaining claims.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff, and to transmit a copy to counsel of record.

August 4, 2015

Dwane L. Tinsley
United States Magistrate Judge