```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**CHARLES LIVELY,**

    Petitioner,

v.                                Civil Action No. 2:13-cv-28759

**DAVID BALLARD,** Warden of Mount Olive
Correctional Complex ("MOCC"); **JAMES
RUBENSTEIN,** Commissioner of West
Virginia Division of Corrections;
**JAMES MCCLOUD,** a Captain at MOCC;
**RICHARD COLEMAN,** a Corporal at MOCC;
**RUSSELL MATHENEY,** a Captain at MOCC;
**JARROD DAWSON,** a Corporal at MOCC;
**CHAD RICHMOND,** a Correctional Officer
II at MOCC; **PHILIP LEASURE,** a
Correctional Officer II at MOCC;
and **JUSTIN COTTRELL,** a Correctional
Officer II at MOCC, each in their
official and/or personal capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion for summary judgment, filed March 16, 2015.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who has submitted his Proposed Findings and Recommendations ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommends that the defendant's motion for summary judgment be

denied with respect to the plaintiff's Eighth Amendment claims against the defendant Correctional Officers concerning the use of OC spray (pepper spray) and the alleged physical abuse of the plaintiff during the extraction of the plaintiff from his cell, and the plaintiff's state law assault and battery claims against the defendant Correctional Officers on those same pepper spray and physical abuse grounds. The magistrate judge further recommends that the defendants' motion for summary judgment otherwise be granted.

On February 29, 2016, the PF&R was filed. On March 21, 2016, Correctional Officer defendants filed their objections.[1] No objections were received from the plaintiff. The objecting defendants argue that summary judgment should be granted in their favor with respect to all of the plaintiff's claims. The two specific objections raised are that 1) the physical abuse allegations should be dismissed because plaintiff failed to exhaust his administrative remedies and 2) with respect to the OC spray claims, defendants are entitled to

---

[1] The deadline for objections to the magistrate judge's PF&R was March 17, 2016. On March 18, 2016, defendants moved for leave to file an objection out of time and/or to extend the deadline to allow filing of their objections on March 21. (ECF No. 83). It is ORDERED that the defendants' motion for leave to file their objections on March 21 be, and it hereby is, granted.

judgment as a matter of law because use of the spray was reasonable and they are entitled to qualified immunity.

First, with respect to the administrative exhaustion of plaintiff's physical abuse allegations, the magistrate judge concluded that defendants waived their affirmative defense based on any failure to exhaust administrative claims by failing to fully raise the exhaustion issue until their reply to the plaintiff's response on the summary judgment motion. See PF&R at 21 (citing Noel v. Artson, 297 Fed. App'x 216, 218-19 (4th Cir. 2008)). In their objection, defendants argue that the magistrate judge's recommendation should be disregarded because the exhaustion defense, unlike the qualified immunity defense at issue in Noel, does not involve "complicated analysis that requires an application of facts to law." (ECF No. 84 at 3). However, as in Noel, the defendants' decision to raise their affirmative defense, at least in a substantive manner, for the first time in a reply brief deprived the plaintiff of an opportunity to address the issue. Further, because the initial grievance filed by the plaintiff did allege excessive force on the part of defendants, it is not so clear-cut that he has failed to exhaust the claim at issue. For these reasons, the magistrate judge's recommendation to deny summary judgment as to that claim is correct.

In their second objection, Correctional Officer defendants disagree with the magistrate judge's conclusion that there are genuine issues of material fact regarding whether the use of OC spray was unnecessary or excessive in amount. While the defendants made documented attempts to temper the need to use force, the court's review of the Extraction Video (ECF No. 64-4) confirms the magistrate judge's observation that there was no verbal warning or instruction to submit to handcuffing made prior to the use of force. The Division of Correction's policy directive on the calculated use of force requires that prior to using force, "[t]he watch commander/operations officer shall give the inmate one last verbal warning to submit to handcuffing." DOC Policy Directive 313.02, Calculated Use of Force, Attachment #1 at 1. Likewise, the video confirms that the amount of OC spray used was well in excess of the three one-second bursts described in the defendants' incident reports. Having reviewed the record, the court agrees with the magistrate judge that, taken in the light most favorable to the non-moving party, there is a material factual dispute as to whether the defendants violated the plaintiff's clearly-established right to be free from the use of excessive force under the Eighth Amendment. In light of that factual dispute, summary judgment would be improper.

Following a <u>de novo</u> review, and having concluded that the objections lack merit, the court ORDERS as follows:

1. The PF&R shall be, and it hereby is, adopted and incorporated herein;

2. The defendants' motion for summary judgment shall be, and it hereby is, denied with respect to the plaintiff's Eighth Amendment claims against the defendant Correctional Officers concerning the use of OC spray and the alleged physical abuse of the plaintiff during the cell extraction, and the plaintiff's state law assault and battery claims against the defendant Correctional Officers on those same pepper spray and physical abuse grounds;

3. The defendants' motion for summary judgment otherwise shall be, and it hereby is, granted with respect to plaintiff's other claims;

4. Defendants David Ballard and James Rubenstein shall be, and they hereby are, dismissed from this action; and

5. To the extent they seek to recover monetary damages against the remaining defendants, the plaintiffs' official capacity claims shall be, and they hereby are, dismissed.

The Clerk is directed to forward copies of this order to the plaintiff, all counsel of record, and the magistrate judge.

      DATED:    March 25, 2016

      John T. Copenhaver, Jr.
      United States District Judge